S. LANE TUCKER
United States Attorney

MICHAEL J. HEYMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.heyman@usdoj.gov

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| IN RE: JANUARY 2023 GRAND JURY SUBPOENA (2022R00213-001) TO DOCUSIGN, INC. | Case No. 3:23-mj-00004-KFR<br><br>**Filed Under Seal** |
|---|---|

### APPLICATION FOR ORDER COMMANDING DOCUSIGN, INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order DOCUSIGN, INC. not to notify

any person (including the subscribers and customers of the account(s) listed in the

subpoena of the existence of the attached subpoena for one year.

DOCUSIGN, INC. is a provider of an electronic communication service, as

defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18

U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached

subpoena, which requires DOCUSIGN, INC. to disclose certain records and information

to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an

order commanding a provider of electronic communications service or remote computing

service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. The grand jury is investigating an organization involved in the shipping of household goods for customers throughout the United States, including Alaska. The organization is suspected of defrauding numerous, if not hundreds, of customers relating to their shipping contracts by, among other things, entering into contracts which included a "binding" shipping rate and taking possession of the customers' household goods for delivery, but then refusing to deliver the goods until additional fees are paid. Upon information and belief, the full scope, and in many cases the very existence, of this investigation is currently unknown to many of members of this organization who are targets of the investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. *See* 18 U.S.C. § 2705(b). In addition, some of the evidence in this investigation is stored electronically, including contracts with customers, such as the information sought in this subpoena from DOCUSIGN, as well as other electronic communications with customers.

If alerted to the existence of the subpoena, the subjects under investigation could destroy

that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the

attached Order directing DOCUSIGN, INC. not to disclose the existence or content of the

attached subpoena for one year except that DOCUSIGN, INC. may disclose the attached

subpoena to an attorney for DOCUSIGN, INC. for the purpose of receiving legal advice.

The one-year period is requested because the investigation has just been initiated and is

expected to continue for one year or more.  The case involves suspects outside the state

of Alaska, potentially hundreds of victims, and significant electronic discovery and

financial records.  Significant time will be required to investigate the out-of-state

individuals, contact and interview witnesses throughout the country, and gather and

analyze the electronic evidence and financial data.

The United States further requests that the Court order that this application and

any resulting order be sealed until further order of the Court.  As explained above, these

documents discuss an ongoing criminal investigation that is neither public nor known to

all of the targets of the investigation.  Accordingly, there is good cause to seal these

documents because their premature disclosure may seriously jeopardize that

investigation.

Executed on 1/4/2023

Michael J. Heyman
MICHAEL J. HEYMAN
Assistant United States Attorney